IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NICHOLAS LISANTI and
GERALDINE LISANTI,

       Plaintiffs,

v.                                                                                               CIV No. 99-1194 LH/LFG

ALAMO TITLE INSURANCE
OF TEXAS, a member of the Fidelity
National Group of Companies, and
FIDELITY NATIONAL TITLE
INSURANCE COMPANY,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court *sua sponte*, following its review of the Plaintiffs' Complaint, filed October 15, 1999. This Complaint is extremely poorly drafted and for the reasons that follow, will be dismissed if not rectified within thirty days.

Although the title of the Complaint[1] states that it is for injunctive and declaratory relief, neither the individual counts of the Complaint nor the next-to-last paragraph of the Complaint

---

[1] This Complaint is titled "Complaint for Declaratory and Injunctive Relief for Stay of Arbitration Proceedings, and Declaratory and Injunctive Relief and Damages for Breach of the Insurance Unfair Practices Act, Breach of Fiduciary Duty, Breach of Contract, and Breach of the Covenant of Good Faith and Fair Dealing".

requesting relief[2], contain any actual request for declaratory or equitable relief of any kind. Insofar as injunctive relief is concerned, Plaintiffs have failed to meet the strict pleading requirements of F.R.CIV.P. 65. Furthermore, Plaintiffs have failed to specifically request a declaratory judgment pursuant to 28 U.S.C. § 2201 and F.R.CIV.P.57, if that is indeed their intent. If Plaintiffs are seeking declaratory and/or injunctive relief, the Complaint does not comply with the requirement of F.R.CIV.P. 8(a)(3) that the demand for judgment for the relief sought by the pleading must be stated. Finally and most importantly at this juncture, for the reasons that follow, the Court finds that the allegations stated in the Complaint are insufficient to vest this Court with subject matter jurisdiction.

**Discussion**

Whether this Complaint is construed as seeking equitable or legal relief or relief under the Declaratory Judgment Act, some basis for federal court jurisdiction is required.[3] Contrary to F.R.CIV.P. 8(a)(1), this Complaint does not contain a "short and plain statement of the grounds upon which the court's jurisdiction depends", nor does it make reference to any statutory basis for jurisdiction. All five counts of the Complaint are state law claims. The first three paragraphs do appear to attempt to lay the foundation for diversity jurisdiction (under 28 U.S.C. § 1332). Paragraph 1 of the Complaint merely states that Plaintiffs are "residents of Arizona". Paragraph 2

---

[2]The only relief sought by Plaintiffs is for "compensatory damages, punitive damages, costs and reasonable attorneys' fees, prejudgment and postjudgment interest, and such other and further relief as the Court deems just and proper".

[3]The Declaratory Judgment Act does not itself confer, expand, or decrease federal subject matter jurisdiction. 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶57.04[2] (3d ed.). An independent basis for federal court jurisdiction is required.

states that Defendants "are incorporated in and have their principal places of business in Texas". Paragraph 3 states that the "amount at issue in this case exceeds $75,000".

The Federal Rules of Civil Procedure direct that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *Tuck v. United Services Automobile Ass'n.*, 859 F.2d 842, 844 (10th Cir. 1988), *cert. denied*, 489 U.S. 1080 (1989) (quoting FED. R. CIV. P. 12(h)(3)). Because federal courts are courts of limited jurisdiction, the party invoking federal jurisdiction bears the burden of proof with a presumption against federal jurisdiction. *Id*. Courts must look to the face of the complaint in order to decide whether a party has adequately alleged facts sufficient to confer federal diversity jurisdiction. *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972).

This general statutory grant of jurisdiction has "a number of crucial judicial interpretations[,] . . . the effect of which is to reshape and limit the scope of diversity jurisdiction, placing certain actions involving citizens of different states beyond the ambit of federal courts." JACK H. FRIEDENTHAL, ET AL., CIVIL PROCEDURE § 2.5 at 27 (2d ed. 1993). The rule of "complete diversity," first announced in *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806), is the "most important of these interpretations. FRIEDENTHAL, *supra*, § 2.6 at 28. Under this rule, "there is no diversity of jurisdiction when any party on one side of the dispute is a citizen of the same state as any party on the other side." *Id*. Citizenship is determined at the time a complaint is filed, *Freeport-McMoran v. KN Energy, Inc.,* 498 U.S. 426, 426-29 (1991), and, once filed, a subsequent change in citizenship has no effect on the presence or absence of diversity. *See Smith v. Sperling*, 354 U.S. 91, 93 n.1 (1957). In addition, because federal courts are courts of limited

3

jurisdiction, with power conferred solely by the United States Constitution[4] and Congress[5], absence of jurisdiction cannot be waived by the parties. *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

For the purpose of Section 1332, a natural person has citizenship in the state in which he/she is a domiciliary. FRIEDENTHAL, *supra*, § 2.5 at 29. Domicile is defined as "the place where a person has a true, fixed home and principal establishment, and to which, whenever she [or he] is absent, . . . intends to return." *Id*. at 30. *Mere residence* or an expression of an intention to move one's residence, without more, does not establish domicile. *Id*.

In this case, the Complaint fails to make the requisite citizenship allegations as to Plaintiffs, and therefore, fails to create diversity jurisdiction in this Court. *See Penteco Corp. Ltd. Partnership v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). In addition to its other deficiencies noted in the beginning of this Memorandum Opinion, the Complaint's failure to make allegations regarding the citizenship of the Plaintiffs renders it inadequate to support jurisdiction.

The interests of justice, fairness and judicial economy require an opportunity to cure such pleading defects, if possible. *See Id*. at 1523; *see also Tuck*, 859 F.2d 846. Therefore, Plaintiffs will be given the opportunity to file an amended complaint to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure. Plaintiffs are also cautioned as to the pleading requirements of Rules 8 and 65.

---

[4] U.S. Const. art. III, § 2.

[5] Act of Sept. 24, 1789, § 111 Stat. 73, 78 ("1789 Judiciary Act").

**IT IS, THEREFORE ORDERED** that the Plaintiffs are granted thirty days leave to amend their Complaint to properly allege diversity of citizenship of Plaintiffs, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure. Plaintiffs are further ordered to comply with the requirements of Rule 8 as well as that of Rule 65, if injunctive relief is sought.

**IT IS FURTHER ORDERED** that if an amended complaint, delineated as such, is not filed within thirty days of the date of entry of this Order, the Court will dismiss this action without prejudice.

_____
**UNITED STATES DISTRICT JUDGE**